```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

NATIONSTAR MORTGAGE LLC,
d/b/a MR. COOPER,

                   Plaintiff,        6:18-CV-06590 MAT

      v.                      **DECISION AND ORDER**

GLENN L. ROBINSON

                   Defendant.
```
_____
```

## **INTRODUCTION**

Plaintiff Nationstar Mortgage LLC, d/b/a Mr. Cooper, filed this action on August 15, 2018, alleging violations of the New York Real Property Actions and Proceeding Law (RPAPL) Article 13. Docket No. 1. Presently before the Court is Plaintiff's motion for a default judgment. Docket No. 9. For the following reasons, Plaintiff's motion is denied without prejudice.

## **BACKGROUND**

Plaintiff filed its complaint on August 15, 2018. Docket No. 1. In its complaint, Plaintiff alleges that Defendant failed to make payments in accordance with the terms of the Note and Mortgage on property located at 72 Arborway Lane, Greece, NY 14612, beginning on December 1, 2017. *Id*. at ¶¶ 1, 8-13.

Defendant was served with a copy of the summons and complaint on September 5, 2018. Docket No. 5. On October 6, 2018, Plaintiff filed, pursuant to Fed. R. Civ. P. 55(a), a Request for Certificate of Default and Affirmation in Support of

Request for Certificate of Default, which stated the Defendant's time for answering or otherwise moving against the complaint had expired. Docket No. 6. at ¶ 4. Plaintiff therefore requested that the Clerk of Court enter a certificate of default against Defendant. *Id*. at ¶ 1. On October 9, 2018, the Clerk of Court entered default against Defendant. Docket No. 7.

On January 10, 2019, Plaintiff filed a Motion for Default Judgment, pursuant to Fed. R. Civ. P. 55(b). Docket No. 9. In its motion, Plaintiff requests an order granting a default judgment, as well as a judgment of foreclosure and sale pursuant to RPAPL §§ 1351 and 1354, and appointment of a referee to effectuate the sale of the mortgaged property and to disburse the funds from the sale, pursuant to RPAPL § 1321. Docket Nos. 9, 11 at 8. Plaintiff also requests that the Court order reimbursement of its costs, allowances, and disbursements, in accordance with the terms of the Note and Mortgage and CPLR Article 83. Docket No. 10 at ¶ 11. Plaintiff has filed an Affidavit of Service by Mail, stating that on January 10, 2019, it served on Defendant a copy of the Notice of Motion for Default Judgment and the supporting documentation for the motion. Docket No. 12.

On January 15, 2019, the Court set a scheduling order on the motion. Defendant's response was due on January 29, 2019, and Plaintiff's reply was due on February 5, 2019. It does not appear from the docket that Plaintiff's counsel served Defendant

with a copy of the Court's scheduling order. To date, Defendant has not filed a response to Plaintiff's motion.

## **DISCUSSION**

### **I. Standard**

Pursuant to Fed. R. Civ. P. 55(b), judgment by default may be entered as follows:

> (1) By the Clerk. When the plaintiff's claim against a defendant is a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant. . . .
>
> (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefore. . . .

Fed. R. Civ. P. 55(b). A party's default "is deemed to constitute a concession of all well pleaded allegations of liability. . . ." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, a default "is not considered an admission of damages." *Id.*; *see also Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. . . . The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.") (internal citations omitted).

"As the Second Circuit has observed, the Court is guided by the same factors which apply to a motion to set aside entry of a default." *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 123 (E.D.N.Y. 2011). That is, "[w]hen deciding whether to relieve a party from default or default judgment, we consider the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted." *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001).

"[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right. . . . Rather, it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *RJ Kitchen Assocs. Inc. v. Skalski*, No. 16-1436(LDH)(AKT), 2018 WL 5456672, at *10 (E.D.N.Y. Aug. 2, 2018) (internal quotations and citations omitted) (alteration in original). "The dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).

## II. <u>Plaintiff's Motion is Denied Without Prejudice</u>

The Court has reviewed the materials submitted by Plaintiff in support of its motion for default judgment, including Exhibits A-H attached to Plaintiff's declaration (Docket Nos. 9-12), and concludes that Plaintiff is not entitled to a judgment of default at this time.

"In a mortgage foreclosure action under New York law, a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt." *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012). Here, Plaintiff has submitted the Note, Mortgage, and an Affidavit of Tina Marie Braume, Document Execution Associate of Nationstar Mortgage, LLC, as evidence of Defendant's default. *See* Docket No. 10-1 at 17-43, 66-68. Accordingly, Plaintiff has established the common-law elements of a foreclosure action.

"The RPAPL also sets forth procedural requirements in sections 1303 (service of a statutory notice to mortgagor with the summons and complaint), 1304 (prior notice to mortgagor before a lender or assignee commences a legal action), 1306 (lender must file certain information with the superintendent of the New York State Department of Financial Services), 1320 (summons must contain a statutory notice), and 1331 (the filing of a notice of pendency)." *Ditech Financial LLC v. Sterly*, No. 5:15-cv-1455(MAD/TWD), 2016 WL 7429439, at *4 (N.D.N.Y.

Dec. 23, 2016). Plaintiff has complied with § 1304 by serving a pre-litigation notice (Docket No. 10-1 at 109-12), and with § 1306 by filing with the Superintendent of the New York State Department of Financial Services the information required by that statute (*id*. at 219); *see also* Docket No. 10 at ¶ 4 ("Plaintiff complied with the notice requirements in the Mortgage and RPAPL §1304, as well as the filing requirements of RPAPL §1306."). Further, Plaintiff has demonstrated that it served Defendant with the summons and complaint, certificate of merit, and notices pursuant to RPAPL §§ 1303 and 1320. *See* Docket No. 10-1 at 58-62.

As referenced above, "'[u]nder New York law, before a court may enter judgment directing the sale of real property, the plaintiff must file a notice of pendency with the clerk of the county in which the property is located.'" *U.S. Bank Trust, N.A. for LSF9 Master Participation Trust v. Gross*, 255 F. Supp. 3d 427, 432 (W.D.N.Y. 2017) (quoting *Nationstar Mortgage LLC v. Moody*, No. 516 Civ 0279 (LEK)(ATB), 2017 WL 1373890, at *1 (N.D.N.Y. Apr. 13, 2017)); *see also* RPAPL § 1331 ("The plaintiff, at least twenty days before a final judgment directing a sale is rendered, shall file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of the action, which shall specify, in addition to other particulars required by law, the date of the mortgage, the parties thereto

and the time and place of recording."). Further, "[u]nless it has already been filed in that county, the complaint shall be filed with the notice of pendency." N.Y. C.P.L.R. § 6511(a).

In his declaration in support of a default judgment, Plaintiff's counsel states that "[o]n August 23, 2018, the Plaintiff filed the Notice of Pendency of Action in the Monroe County Clerk's Office in accordance with RPAPL § 1331 and CPLR Article 65. A copy of the Notice of Pendency is attached hereto as **Exhibit C.**" Docket No. 10 at ¶ 5. The declaration does not state that copies of the summons and complaint also were filed in the Monroe County Clerk's Office, and the Notice of Pendency found at Exhibit C (Docket No. 10-1 at 51-56), does not include a complete copy of the complaint. Rather, only the legal description of the property, the summons, and the first page of the complaint is attached to the Notice. *Id*. at 54-56. Accordingly, it is unclear to the Court whether a copy of the complaint was filed along with the notice of pendency. *See Nationstar Mortgage LLC v. Atanas*, 285 F. Supp. 3d 618, 622 (W.D.N.Y. 2018) ("Specifically, while acknowledging that Plaintiff's counsel had affirmed that 'a notice of pendency was filed in the Monroe County Clerk's Office in accordance with RPAPL § 1331 and CPLR 6511(a),' the Court found that 'nothing in the record supports counsel's assertion that Plaintiff has

complied with CPLR 6511(a) by filing the complaint with the notice of pendency.'").

Regarding the notice of pendency requirement, as explained in *Nationstar Mortgage LLC v. Nedza*, 315 F. Supp. 3d 707 (W.D.N.Y. 2018):

> The notice of pendency "alerts future buyers or interest holders of a prior claim." *Diaz v. Paterson*, 547 F.3d 88, 89 (2d Cir. 2008). Because a notice of pendency "is one of the few provisional remedies that permits a party to restrain the alienation of real property without any prior judicial review," it has been described as "a powerful tool to a plaintiff" and "an extraordinary privilege." *Richard J. Zitz, Inc. v. Pereira*, 965 F. Supp. 350, 354 (E.D.N.Y. 1997) (quotation marks and citation omitted). That being so, "[t]o counterbalance the ease with which a party may hinder another's right to transfer property, [the New York Court of Appeals] has required strict compliance with the statutory procedural requirements." *5303 Realty Corp. v. O & Y Equity Corp.*, 64 N.Y.2d 313, 320, 486 N.Y.S.2d 877, 476 N.E.2d 276 (1984). In other words, "the drastic impact of the notice of pendency authorized by CPLR 6501 requires a strict application of that statute." *Id*. at 323, 486 N.Y.S.2d 877, 476 N.E.2d 276.

*Id*. at 710-11.

"The failure to file a complaint with the notice renders Plaintiff's notice defective and void." *Ditech Financial LLC*, 2016 WL 7429439, at *4; *see also Nationstar Mortgage LLC v. Nedza*, 315 F. Supp. 3d at 711. Accordingly, Plaintiff's motion for a default judgment is denied without prejudice. Plaintiff may re-file its motion within <u>30 days</u> of the filing of this Decision and Order to include documentary evidence, demonstrating

that it has complied with the requirements of N.Y. C.P.L.R. § 6511(a).

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion for a default judgment (Docket No. 9) is denied without prejudice. Plaintiff is directed to serve Defendant with a copy of this Decision and Order, and to file proof of service of the same.

Plaintiff may renew its motion for a default judgment within <u>30 days</u> of the filing of this Decision and Order. Should Plaintiff renew its motion, the Court will issue a scheduling order. <u>At that time, Plaintiff must serve Defendant with a copy of the scheduling order, and file proof of service of the same</u>.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**
_____

MICHAEL A. TELESCA
United States District Judge

DATED: July 17, 2019
Rochester, New York