UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NATIONSTAR MORTGAGE LLC,
d/b/a MR. COOPER,

                                  Plaintiff,

                                  Case # 18-CV-6590-FPG

v.

                                  DECISION AND ORDER

GLENN L. ROBINSON,

                                  Defendants.

## INTRODUCTION

Plaintiff Nationstar Mortgage LLC, d/b/a Mr. Cooper, filed this action on August 15, 2018, alleging violations of the New York Real Property Actions and Proceeding Law ("RPAPL") Article 13. ECF No. 1. Presently before the Court is Plaintiff's Motion for Reconsideration and Renewal for a default judgment. ECF No. 15. For the following reasons, Plaintiff's motion is GRANTED.

## PROCEDURAL HISTORY

Plaintiff filed its complaint on August 15, 2018, alleging that Defendant failed to make payments in accordance with the terms of the Note and Mortgage on property located at 72 Arborway Lane, Greece, NY 14612, beginning on December 1, 2017. ECF No. 1 ¶¶ 1, 8-13.

Defendant was served with a copy of the summons and complaint on September 5, 2018. ECF No. 5. On October 6, 2018, Plaintiff filed, pursuant to Federal Rule of Civil Procedure ("Rule") 55(a), a Request for Certificate of Default and Affirmation in Support of Request for Certificate of Default, which stated the Defendant's time for answering or otherwise moving against the complaint had expired. ECF No. 6 ¶ 4. Plaintiff therefore requested that the Clerk of Court enter a certificate of default against Defendant. *Id.* ¶ 1. On October 9, 2018, the Clerk of Court entered default against Defendant. ECF No. 7.

On January 10, 2019, Plaintiff filed a Motion for Default Judgment, pursuant to Rule 55(b). ECF No. 9. Plaintiff requested an order granting a default judgment, as well as a judgment of foreclosure and sale pursuant to RPAPL §§ 1351 and 1354, and appointment of a referee to effectuate the sale of the mortgaged property and to disburse the funds from the sale, pursuant to RPAPL § 1321. ECF Nos. 9, 11 at 8. Plaintiff also requested that the Court order reimbursement of its costs, allowances, and disbursements, in accordance with the terms of the Note and Mortgage and New York State Civil Practice Law and Rules ("CPLR") Article 83. ECF No. 10 at ¶ 11. Plaintiff filed an Affidavit of Service by Mail, stating that on January 10, 2019, it served on Defendant a copy of the Notice of Motion for Default Judgment and the supporting documentation for the motion. ECF No. 12.

On July 17, 2019, the Court issued a Decision and Order (the "July 17th Decision"), denying without prejudice Plaintiff's motion for a default judgment. ECF No. 14. The Court denied Plaintiff's motion because it failed to strictly comply with the procedural requirements of CPLR 6511(a); *i.e.*, that Plaintiff file a notice of pendency with the clerk of the county in which the property is located, with a copy of the complaint attached. *See id.* at 8. As the Court explained in the July 17th Decision, the declaration from Plaintiff's counsel did not state that copies of the summons and complaint were filed in the Monroe County Clerk's Office, and the Notice of Pendency attached to Plaintiff's motion did not include a complete copy of the complaint. *Id*. at 7. Accordingly, it was unclear to the Court whether a copy of the complaint was filed along with the notice of pendency, in compliance with CPLR 6511(a). *Id*.

On August 16, 2019, Plaintiff filed a Motion for Reconsideration and Renewal, contending that the Court "overlooked [that] the summons and complaint were filed in the county clerk's office with the notice of pendency of action." ECF No. 17 at 4-5. Plaintiff filed a certificate of service, confirming that it served a copy of its motion for renewal, which attached a copy of the

2

July 17th Decision, on Defendant. *See* ECF Nos. 16 at ¶ 2, 16-1 at 66-74, & 18. The Court set a response deadline of September 3, 2019, and a reply deadline of September 10, 2019. Defendant did not file any response papers.

The motion was submitted and ready for a decision by the Court on September 12, 2019. ECF No. 19. Thereafter, on January 6, 2020, Plaintiff's counsel filed a letter informing the Court that on December 10, 2019, Defendant filed a Chapter 7 voluntary petition in the United States Bankruptcy Court for the Western District of New York. ECF No. 20. Due to the pendency of the bankruptcy case, the action was stayed. On February 19, 2020, Plaintiff's counsel filed another letter, informing the Court that "[o]n January 16, 2020, the United States Bankruptcy Court relieved the Plaintiff from the automatic stay[.]" ECF No. 21. Although Plaintiff's counsel did not submit a copy of the Bankruptcy Court's order lifting the stay, the Court was able to verify that such an order had been entered by the Bankruptcy Court, permitting Plaintiff "to foreclose or otherwise pursue its mortgage remedies and rights on the premises commonly known as 72 Arborway Lane, Greece, NY 14612." *See* Bankruptcy Case No. 2-19-21220-PRW, ECF No. 22. On February 19, 2020, the Court lifted the automatic stay. ECF No. 22.

On March 2, 2020, this matter was transferred to the undersigned. ECF No. 23. The same day, the Court issued an order for Defendant to show cause why a default judgement should not be entered in Plaintiff's favor. ECF No 24. The Court specifically advised Defendant that a default judgment would be entered against him if he did not respond to the Order to Show Cause or otherwise respond to Plaintiff's motion. *Id.* The Court sent a copy of the Order to Show Cause and Plaintiff's Motion for Reconsideration and Renewal papers to Defendant via certified mail. Defendant did not respond.

## DISCUSSION

**I. Standard**

Pursuant to Rule 55(b), judgment by default may be entered as follows:

(1) By the Clerk. When the plaintiff's claim against a defendant is a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant. . . .

(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefore. . . .

Fed. R. Civ. P. 55(b). A party's default "is deemed to constitute a concession of all well pleaded allegations of liability. . . ." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, a default "is not considered an admission of damages." *Id.*; *see also Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. . . . The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.") (internal citations omitted).

"As the Second Circuit has observed, the Court is guided by the same factors which apply to a motion to set aside entry of a default." *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 123 (E.D.N.Y. 2011). That is, "[w]hen deciding whether to relieve a party from default or default judgment, we consider the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted." *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001).

"[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right. . . . Rather, it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause

4

of action." *RJ Kitchen Assocs. Inc. v. Skalski*, No. 16-1436(LDH)(AKT), 2018 WL 5456672, at *10 (E.D.N.Y. Aug. 2, 2018) (internal quotations and citations omitted) (alteration in original). "The dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).

## II. Plaintiff's Motion is Granted

The Court has reviewed the materials submitted by Plaintiff in support of its motion for reconsideration and renewal for default judgment, including Exhibits A-I attached to Plaintiff's declaration (ECF Nos. 15-18). Plaintiff has presented evidence that Defendant's default is willful. Specifically, Plaintiff filed an affidavit of service (*see* ECF No. 5), confirming that Defendant was served with copies of the summons and complaint on September 5, 2018, but he did not appear in the case to file an answer or otherwise move against the complaint. *See United States v. Rabkin*, No. 18-CV-00690 (MKB), 2018 WL 5777031, at *2 (E.D.N.Y. Nov. 2, 2018) ("A default is considered willful where the defendant fails to answer a complaint without explanation or justification."). Further, Plaintiff filed and served on Defendant two motions for default judgment, and Defendant has not responded to either of those motions.[1] Accordingly, the Court concludes that Defendant's default is willful.

The Court has reviewed the evidence submitted by Plaintiff and finds that Defendant does not have a meritorious defense. Specifically, as further explained below, Plaintiff has established the common-law elements of a foreclosure action, and it has provided evidence supporting its

---

[1] The Court also sent a copy of its Order to Show Cause and copies of Plaintiff's moving papers to Defendant via certified mail. Still, Defendant did not respond.

allegations. Conversely, Defendant has failed to respond to Plaintiff's complaint with any defense to this action.

Finally, the Court has considered the level of prejudice Plaintiff has suffered by Defendant's failure to appear and defend against this action. According to Plaintiff, Defendant stopped making payments on the Note and Mortgage over two years ago in December 2017. *See* ECF No. 10-1 at 77, ¶ 6. Plaintiff filed this action over one year ago, in August 2018. *See* ECF No. 1. Plaintiff represents that it would have no legal redress to recover the amounts due under the Note and Mortgage. *See* ECF No. 17 at 8. Accordingly, Plaintiff has established prejudice, and after consideration of the above-mentioned factors, the Court finds that they weigh in favor of granting a default judgment.

As to the merits of Plaintiff's foreclosure action, "[i]n a mortgage foreclosure action under New York law, a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt." *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012); *see also Builders Bank v. Charm Developments II, LLC*, Nos. 09-CV-3935(JG)(LB), 09-CV-4410(JG)(LB), 2010 WL 3463142, at *2 (E.D.N.Y. Aug. 30, 2010) ("[S]ummary judgment in a mortgage foreclosure action is appropriate where the Note and Mortgage are produced to the Court with proof that the Mortgagor has failed to make payments due under the Note.") (quoting *Regency Savings Bank, F.S.B. v. Merritt Park Lands Associates*, 139 F. Supp. 2d 462, 465 (S.D.N.Y. 2001)). Here, Plaintiff has submitted the Note and Mortgage (*see* ECF No. 16-1 at 17-43), and an Affidavit of Tina Marie Braume, Document Execution Associate of Nationstar Mortgage, LLC, as evidence of Defendant's default (*id.* at 76-78). According to Plaintiff, Defendant stopped making payments on the Note and Mortgage in December 2017. *See id.* at 77, ¶ 6; *see also* ECF No. 16 ¶ 4 ("The Defendant defaulted on the Note and Mortgage, as modified by the Loan Modification Agreement, because the December 1, 2017 monthly installment and

6

subsequent installments were not paid."). Accordingly, Plaintiff has established the common-law elements of a foreclosure action.

"The RPAPL also sets forth procedural requirements in sections 1303 (service of a statutory notice to mortgagor with the summons and complaint), 1304 (prior notice to mortgagor before a lender or assignee commences a legal action), 1306 (lender must file certain information with the superintendent of the New York State Department of Financial Services), 1320 (summons must contain a statutory notice), and 1331 (the filing of a notice of pendency)." *Ditech Financial LLC v. Sterly*, No. 5:15-cv-1455(MAD/TWD), 2016 WL 7429439, at *4 (N.D.N.Y. Dec. 23, 2016). Plaintiff has complied with § 1304 by serving a pre-litigation notice (ECF No. 16-1 at 119-22), and with § 1306 by filing with the Superintendent of the New York State Department of Financial Services the information required by that statute (*id*. at 229). *See also* ECF No. 16 ¶ 4 ("The Plaintiff complied with the notice requirements in the Mortgage and RPAPL §1304, as well as the filing requirements of RPAPL §1306."); ECF No. 16-1 ¶ 7 ("In compliance with RPAPL § 1304, a 90 day pre-foreclosure notice . . . was sent to [Defendant] via first class and certified mail. . . ."); *id*. ¶ 8 ("[Plaintiff] . . . electronically filed notice with the Superintendent of Financial Services on December 7, 2017, as required by RPAPL §1306(2). . . ."). Further, Plaintiff has demonstrated that it served Defendant with the summons and complaint, certificate of merit, and notices pursuant to RPAPL §§ 1303 and 1320. *See* ECF No. 16-1 at 58-62; *see also* ECF No. 16 ¶ 6 ("The Defendant was served pursuant to Fed. R. Civ. P. §§4 and 5 and an additional copy of the Summons was mailed to him in compliance with CPLR §3215(g)(3)(iii) [sic]. A copy of the Affidavits of Service is attached hereto as Exhibit D.").

As referenced above, "'[u]nder New York law, before a court may enter judgment directing the sale of real property, the plaintiff must file a notice of pendency with the clerk of the county in which the property is located.'" *U.S. Bank Trust, N.A. for LSF9 Master Participation Trust v.*

*Gross*, 255 F. Supp. 3d 427, 432 (W.D.N.Y. 2017) (quoting *Nationstar Mortgage LLC v. Moody*, No. 516 Civ 0279 (LEK)(ATB), 2017 WL 1373890, at *1 (N.D.N.Y. Apr. 13, 2017)); *see also* RPAPL § 1331 ("The plaintiff, at least twenty days before a final judgment directing a sale is rendered, shall file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of the action, which shall specify, in addition to other particulars required by law, the date of the mortgage, the parties thereto and the time and place of recording."). Further, "[u]nless it has already been filed in that county, the complaint shall be filed with the notice of pendency." CPLR § 6511(a).

To that end, the Court notes that the error it identified in Plaintiff's original motion for default judgement—Plaintiff's failure to confirm that the complaint, in its entirety, was filed with the Notice of Pendency—has been corrected in the instant Motion for Reconsideration and Renewal. Specifically, Plaintiff's counsel has explained in his declaration submitted in support of his Motion for Reconsideration and Renewal:

> On August 23, 2018, the Plaintiff filed the Notice of Pendency of Action in the Monroe County Clerk's Office in accordance with RPAPL § 3113 and CPLR Article 65. The Plaintiff filed the Summons and Complaint in the Monroe County Clerk's Office with the Notice of Pendency of Action, in accordance with CPLR 6511(a). The Monroe County Clerk time-stamped the first pages of the Summons and Complaint on the same date it time-stamped the first page of the Notice of Pendency of Action. Copies of the Notice of Pendency of Action along with the time-stamped pages of the Summons and Complaint are attached hereto as Exhibit C.

*See* ECF No. 16 ¶ 5; *c.f.* Plaintiff's Declaration Submitted in Support of its Original Motion for Default Judgment, ECF No. 10 ¶ 5 ("On August 23, 2018, the Plaintiff filed the Notice of Pendency of Action in the Monroe County Clerk's Office in accordance with RPAPL § 1331 and CPLR Article 65. A copy of the Notice of Pendency of Action is attached hereto as Exhibit C."). In other words, the declaration submitted in support of Plaintiff's Motion for Reconsideration and

Renewal clarifies that a copy of the summons and complaint were properly filed with the Notice of Pendency, but that only the first pages are attached for purposes of this motion.

In support of its motion, Plaintiff cites two cases where district courts, on reconsideration, granted the plaintiff's motion for a default judgment. ECF No. 15 at 5 (citing *Ditech Financial LLC v. Sterly* and *Nationstar Mortgage LLC v. Atanas*). The Court did not overlook these decisions. As explained in the July 17th Decision, the procedural requirements of CPLR § 6511 are strictly construed, *see Nationstar Mortgage LLC v. Nedza*, 315 F. Supp. 3d 707, 710-11 (W.D.N.Y. 2018), and the copy of the Notice of Pendency submitted by Plaintiff in connection with its original motion for a default judgment <u>did not include a complete copy of the complaint</u>, nor did Plaintiff's counsel's original declaration state that copies of the summons and complaint were filed with the Notice of Pendency. *See* ECF No. 10 ¶ 5. Plaintiff points to the decision in *Nationstar Mortgage LLC v. Atanas*, where the Court "granted the foreclosing plaintiff's renewed motion for a judgment of foreclosure and sale based on virtually identical proof of compliance with CPLR § 6511(a) as the Plaintiff submitted in this action." ECF No. 17 at 5. The Court has reviewed the documents submitted by Plaintiff on its renewed motion for foreclosure in the *Atanas* case—including the Notice of Pendency—and the proof is not identical. Unlike in the Notice of Pendency originally submitted by Plaintiff's counsel in the instant case, the Notice of Pendency submitted by Plaintiff's counsel in the *Atanas* case includes a complete copy of the summons and complaint. *See* Case No. 6:16-CV-06832, ECF No. 18-2 at 28-38. Accordingly, the Court's decision on the motion for renewal in the *Atanas* case is inapposite to Plaintiff's original motion for a default judgment.

The Court must also determine the damages owed to Plaintiff due to Defendant's default. In support of its application for damages, Plaintiff relies on the affidavit of Ms. Braume (the "Braume Affidavit"). ECF No. 17 at 10. Ms. Braume is a Document Execution Associate at

Nationstar, and she is familiar with business records maintained by Nationstar. *See* ECF No. 16-1 at 76, ¶¶ 1, 2. She has personal knowledge of the operation of and circumstances surrounding the preparation, maintenance, distribution, and retrieval of records in Nationstar's record-keeping systems. *Id*. ¶ 2. Further, Ms. Braume has "personal knowledge" of the information in her affidavit, which she has gained by "examining the business records relating to the subject mortgage loan[.]" *Id*. Ms. Braume explained that Defendant defaulted on the Note beginning on December 1, 2017, and subsequent payments were not made. *Id*. at 77, ¶ 6. Ms. Braume states that the amount due to Plaintiff on the Note through October 25, 2018 includes $222,370.46 in principal, and $8,465.36 in interest, at a rate of 3.875 percent. *Id*. at 77-78, ¶ 10. The total amount due, including hazard insurance disbursements, tax disbursements (from January 22, 2018, May 24, 2018, and September 14, 2018), and property inspections/preservation is $236,909.27. *Id*. Documentation supporting these calculations is attached to the Braume Affidavit. *Id*. at 79-118. The Court has reviewed the Braume Affidavit and concludes that the affidavit and supporting documentation is sufficient to substantiate Plaintiff's request for damages due on the Note. *See Eastern Savings Bank, FSB v. Robinson*, No. 13-CV-7308(ADS)(SIL), 2016 WL 3365091, at *4 (E.D.N.Y. May 9, 2016) ("The Second Circuit allows for an inquest by affidavit, without an in-person court hearing, as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment.") (internal quotations and citations omitted) (alteration in original).

Plaintiff seeks recovery of certain fees and costs but does not seek attorney's fees at this time. ECF No. 17 at 10. The Note clearly provides that Plaintiff may collect its costs and expenses, including attorney's fees. *See* ECF No. 16-1 at 19; *see also United States v. Carter*, No. 5:19-CV-1130, 2020 WL 819320, at *2 (N.D.N.Y. Feb. 19, 2020). Accordingly, Plaintiff's request for certain fees and costs is proper. In support of its request, Plaintiff submits a Statement

of Damages, which includes $1,015.00 for "Fees and Disbursements," *i.e.*, the civil case filing administrative fee, searches, serving a copy of the summons and complaint, and the clerk's fee for filing the Notice of Pendency. ECF No. 16-1 at 236. Plaintiff attached documentation supporting this request for costs. *Id*. at 238-40. Because the Court finds that Plaintiff's request of $1,015.00 for costs is reasonable and well-supported by the record, it will order that Plaintiff be permitted to recover this amount in fees and costs.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration and Renewal (ECF No. 15) is GRANTED. Plaintiff is entitled to a Judgement of Foreclosure and Sale. Further, Plaintiff is entitled to $236,909.27 in damages, as well as $1,015.00 in certain costs and fees. **Plaintiff is directed to serve Defendant with a copy of this Decision and Order, and to file proof of service of the same**.

IT IS SO ORDERED.

Dated: March 26, 2020
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court